Soukup *v.* Sell, Mayor, *et al.*

(*Jackson*, April Term, 1937.)

Opinion filed May 24, 1937.

Thos. P. Gore, Sam R. Howell, and W. E. Miller, all of Johnson City, for complainant Soukup.

Colin B. McKinney, of Johnson City, Cates, Smith & Long, of Knoxville, Robert M. May, of Jonesboro, and Guinn, Mitchell & Erwin, of Johnson City, for defendants.

Mr. Justice Cook delivered the opinion of the Court.

The cause is here for further consideration upon complainant's petition for rehearing. It is said that controlling provisions of the ordinances and contract for the sale of bonds provide that the excess of $126,000 above the debt to be refunded authorize the use of this sum for purposes other than refunding the $200,000 of floating debt and the $924,040.15, aggregate of bonds described in the ordinance.

The court endeavored to make it clear in the opinion that the caption of the validating act limited the authority of the mayor and board of commissioners of Johnson City to the issuance and sale of bonds sufficient to cover the $200,000 of floating debt and the $924,040.15, aggregate of the bonds proposed to be refunded. The legislative intent is so expressed in the caption of the act validating the action of the mayor and board of commissioners, and the body of the act cannot be considered to extend beyond the caption.

Construed as an act to empower the mayor and board of commissioners to refund the existing indebted-

ness, it can stand as a valid enactment. Construed as authorizing the mayor and commissioners to incur additional indebtedness of $126,000 and use a sufficiency of the refunding bonds to meet a subsequent obligation would be contrary to the intent expressed in the caption of the validating act and render it void because legislation both under a deceptive caption and under an act broader than the caption.

In view of that determination by the court, and so as to avoid confusion, the petition for rehearing is granted for the purpose of modifying the decree of the chancellor instead of reversing it *in toto*.

The decree of the chancellor will be so modified as to enjoin the mayor and board of commissioners from disposing of any of the refunding bonds after issuance of bonds sufficient to replace the $200,000 of floating indebtedness or its equivalent, the $200,000 of funding notes and the $924,040.15, which is the aggregate of the bonds specifically described in the ordinance as the bonds to be refunded.

The decree of the chancellor will be accordingly modified, and the cause remanded for such further proceedings as may be necessary to enforce the decree as modified.